# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**LESTER BLEDSOE,**                                                          **PETITIONER**

**v.**                                                **No. 3:05CV50-D-A**

**WARDEN JOHNNIE DENMARK, ET AL.**                       **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Lester Bledsoe for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has answered the petition, and the petitioner has replied. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice.

### Facts and Procedural Posture

The petitioner is in the custody of the Mississippi Department of Corrections and is currently housed at the Winston-Choctaw County/Regional Correctional Facility in Louisville, Mississippi, after his conviction in the Circuit Court of Calhoun County, Mississippi, for robbery with a deadly weapon. The petitioner was sentenced as a habitual offender to serve thirty-five years in the Mississippi Department of Corrections. State Court Clerk's Papers (C.P.), p. 88.

The petitioner appealed his conviction and sentence to the Mississippi Supreme Court, assigning as error the following (as stated by the petitioner):

> A. Did the trial court err in failing to suppress both the out-of-court identification of Lester Bledsoe and the in-court identification?
>
> B. Was the verdict of the jury against the overwhelming weight of evidence?
>
>> 1. The inconsistent testimony of Wayne Clark and lack of evidence to support a conviction.

2. The physical appearance of Appellant, Lester Bledsoe, around June 15, 2001.

3. The alibi witness testimony.

On January 20, 2004, the Mississippi Court of Appeals affirmed the petitioner's conviction and sentence. *Johnson and Bledsoe v. State*, 872 So.2d 65 (Miss. App. 2004), *reh'g. denied*, April 27, 2004, (Cause Nos.2002-KA-01406-COA and 2002-KA-01409-COA). On January 12, 2005, the petitioner filed an "Application For Leave To Proceed In The Trial Court" in the Mississippi Supreme Court, in which petitioner raised the following issues (as stated by the petitioner):

A. State engaged in Unnecessarily suggestive identification procedures

B. State failed proof beyond a reasonable doubt

C. Verdict of jury was against the overwhelming weight of evidence

D. Petitioner was denied right to counsel during critical stage of defense

E. Petitioner claims an ineffective assistance of counsel

On February 3, 2005, the Mississippi Supreme Court denied petitioner's application, holding:

> After due consideration, the panel finds that Bledsoe previously raised issues regarding the photographic identification and sufficiency of the evidence on direct appeal and that such are procedurally barred pursuant to MISS. CODE ANN. § 99-39-21. The panel also finds that Bledsoe should have asserted any right to counsel on direct appeal pursuant to MISS. CODE ANN. § 99-39-21 and that the claim of ineffective assistance of counsel does not meet the standard set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). Further, Bledsoe fails to make a substantial showing of the denial of a state or federal right as required by MISS. CODE ANN. § 99-39-27(5) and the panel finds that the application should be denied.

In the instant Petition for Writ of Habeas Corpus, Bledsoe raises the following grounds (as stated by the petitioner):

**Ground One** - Did trial court err by failing to suppress both in-court and out-of-court identifications of petitioner?

**Ground Two** - State engaged in unnecessarily suggestive identification procedures.

**Ground Three** - Verdict of jury was against the overwhelming weight of the evidence.

**Ground Four** - Right to counsel was denied during a critical stage of defense.

**Ground Five** - Ineffective assistance of counsel:

(a) Counsel was ineffective for purportedly failing to properly argue defendant's denial of right to counsel during a critical stage of defense.

(b) Defense counsel failed to obtain clarification of forensic analysis regarding material evidence gathered from scene of crime to support credibility of defense.

(c) Defendant requested of defense counsel to submit a secondary photo arrangement and propose to witnesses for identification when state's first exhibit seemed suggestive following the totality of the circumstances. Counsel failed to comply.

(d) Counsel submitted argumentative brief to appeals court beyond conferring with defendant to determine whether or not brief was sufficiently argumentative and agreeable.

(e) Counsel failed to respond to letters of requisitions from defendant while in pursuit to file petitions for postconviction relief.

**Grounds Five (a), (d) and (e):  Procedurally Defaulted**

The petitioner presents claims in this federal petition for a writ of *habeas corpus* which have not been presented to the state's highest court.  These claims are therefore procedurally barred.  *Sones v. Hargett*, 61 F.3d 410 (5th Cir. 1995), *Coleman v. Thompson*, 501 U.S. 722, 111

S.Ct. 2546, 115 L.Ed.2d 640 (1991)(federal review of a claim is barred in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule).

The petitioner did not raise his claims of ineffective assistance in Grounds Five (a), (d) and (e) in his direct appeal or in his post-conviction motion. As such, he waived Mississippi appellate court review of those claims, which are now barred from federal *habeas corpus* review. *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). No external impediment prevented the petitioner from arguing these claims in state court; therefore, the petitioner cannot show "cause" under the "cause and prejudice" test to bring these claims in a federal *habeas corpus* proceeding despite the procedural bar. *United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). Absent a showing of "cause," the court need not consider whether the petitioner suffered actual prejudice. *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996). The petitioner will not suffer a "fundamental miscarriage of justice" if his claims are not heard on the merits because he has not argued that "as a factual matter, [] he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). He has not presented new, reliable evidence – not presented at trial – proving that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted). As such, application of the procedural default would nto constitute a fundamental miscarriage of justice. *Id.* Hence, the petitioner's claims of ineffective assistance of counsel in Ground Five (a), (d) and (e) of the instant petition must be dismissed.

## Ground Four:  Procedurally Barred

The Mississippi Supreme Court found that the claim in Ground Four of the instant petition was procedurally barred.  Therefore, this court is precluded from reviewing Ground Four.  *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991).  The Mississippi Supreme Court found the issue that Bledsoe now raises in Ground Four to be procedurally barred under MISS. CODE ANN. § 99-39-21 for failure to raise the claim on direct appeal.[1]  The Fifth Circuit Court of Appeals has held that Section 99-39-21(1) is an independent state procedural bar.  *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997).  The adequacy of the procedural bar applied in state court depends on "whether Mississippi has strictly or regularly applied it."  *Id*.  (citing *Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996)).  The petitioner "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself."  *Id*.  The petitioner has not proved an "inconsistent and irregular" application of the bar stated in section 99-39-21(1) and has, therefore, defaulted his federal claim in state court pursuant to an independent and adequate state procedural rule.  *Id*. at

---

[1] The Mississippi Supreme Court did not specify the applicable subsection, but § 99-39-21(1) of the Mississippi Code involves claims that are procedurally barred for failure to raise a claim on direct appeal and certainly applies to this case.  Section 99-39-21(1) provides:

> Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial, and/or on direct appeal, regardless of whether such are based on the laws and the constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.

861. The petitioner has shown neither cause for his default nor actual prejudice from application of the procedural bar, so he may not escape its application under the "cause and prejudice" test. *Coleman*, 501 U.S. at 750; *Martin v. Maxey*, 98 F.3d at 849 (*citing Sawyer v. Whitley*, 505 U.S. 333 (1992)), *Saahir v. Collins*, 956 F.2d 115 (5th Cir. 1992). Further, as the petitioner has not shown that "as a factual matter, [] he did not commit the crime of conviction," he cannot argue that application of the bar would constitute a fundamental miscarriage of justice. *Fairman*, 188 F.3d at 644. As such, the court need not review the merits of Ground Four, and it shall be dismissed as procedurally barred.

### Grounds One, Two, Three, and the Remaining Claims in Ground Five: Denied on the Merits by the Mississippi Supreme Court

The petitioner's claims in Grounds One, Two and Three were reviewed by the Mississippi Court of Appeals and denied on the merits. Similarly, the petitioner's claims in Ground Five (b) and (c) were reviewed by the Mississippi Supreme Court during the petitioner's pursuit of post-conviction relief and also denied on the merits. As such, these claims are barred from *habeas* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to Grounds One, Two, Three, and Five (b) and (c) of the petitioner's claim.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing

evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas* review issues already decided on the merits.

**Grounds One and Two: Identification Procedures**

In Ground One and Two, Bledsoe argues that the trial court erred in overruling his motion to suppress both the in-court and out-of-court identifications of the petitioner by the Clarks. The petitioner argues that the photo lineup used by law enforcement in the out-of-court identification was impermissibly suggestive – thereby invalidating both the out-of-court and in-court identifications by the Clarks. The controlling law in determining the reliability of witness identification of a defendant as the assailant is found in *Neil v. Biggers*, 409 U.S. 188, 199 (1972). In *Biggers,* the central question was "whether under the totality of the circumstances the identification was reliable even though the confrontation procedure was suggestive." *Id*. at 199-200. To determine reliability, the Court sought to evaluate the likelihood of misidentification by considering five factors: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation. *Id*. On direct appeal, the state appellate court applied *Biggers* and reasoned:

> As a preliminary matter, we note that Mrs. Clark never identified Bledsoe, only Mr. Clark. As Mrs. Clark explained, she was shoved behind the couch by the time the third intruder entered the home and she never saw him but for the briefest of glimpses through the front door. The third individual was identified by Mr. Clark as Bledsoe. Testimony as to when the officer placed an "X" beneath

Bledsoe's photo differed. It was drawn either after Mr. Clark had identified all three men and before Mrs. Clark was shown the photo array, or after the array was shown to Mrs. Clark and the officer marked the individual photo to denote that Mrs. Clark did not identify Bledsoe.

Whichever version of the timing is correct, the mark clearly played no part in the identification of Bledsoe. All witnesses who testified stated that the "X" was not present when Mr. Clark identified Bledsoe. The mark therefore could not have persuaded Mr. Clark to make the choice he did. Even had the mark been present when Mrs. Clark viewed the photos, she never identified Bledsoe. She cannot have been led to make a misidentification through a suggestive procedure when she made no identification at all.

As to the remainder of the argument, the first step must be to determine whether or not the State engaged in an unnecessarily suggestive identification procedure. We cannot find that it did. The photographs used were mug shots, a common practice in putting together photo arrays for identification procedures and, in and of itself, does not equal a suggestive procedure.

The Clarks identified the suspects from the newspaper. They were quite certain of their identification and notified the police. It is this identification which must be reviewed for possible taint as a result of improper State conduct. We cannot find that the identifications were in any fashion connected to State activity. Had the Clarks been unable to identify Johnson and Bledsoe before the photo array was presented to them but after the photos appeared in the newspaper, the answer to this question would be different. Under those circumstances, there would be a strong argument that the Clarks were recalling the men from their appearance in the newspaper rather than from the crime committed in their home. Those, however, are not the facts and the subsequent photo array, which did nothing but satisfy a law enforcement procedure, was immaterial to the actual identification by the Clarks.

*Johnson and Bledsoe*, 872 So. 2d at 68-69.

The appellate court's holding that the identification was not tainted by suggestive procedures was neither an unreasonable application of federal law, nor was it contrary to clearly established federal law. The court need not use the *Biggers* analysis unless there is evidence that the identification procedure was in some way suggestive. In this case, the state appellate court discussed the matter at length and held that the procedure employed was not suggestive. The

state court's ruling was reasonable in fact and in law. Thus, application of the *Biggers* factors to the facts of the case is unnecessary, and the petitioner's claims regarding a suggestive photographic lineup must be dismissed.

### Ground Three: Verdict Against the Overwhelming Weight of the Evidence

The petitioner argues in Ground Three that the jury verdict was against the overwhelming weight of the evidence because: (1) the jury failed to consider inconsistencies between the testimony of several witnesses and their previously recorded statements, (2) the jury failed to consider the lack of physical evidence connecting the petitioner to the crime scene, (3) the jury did not weigh the suggestibility of the "X" placed under the petitioner's photograph in the identification procedure, and (4) the jury did not consider that neither witness actually identified the petitioner as one of the assailants. The state appellate court has already reviewed this issue, holding:

> Whatever contradictory or equivocal statements may have been made, the value of the statements is to be determined by the jury.
>
> . . .
>
> The jury obviously believed Mr. and Mrs. Clark. Bledsoe and Johnson had ample opportunity to attempt to impeach their testimony and did so with great vigor, according to the transcript. Deciding whether the Clarks were believable is the jury's duty. The jury just as clearly disbelieved Bledsoe's alibi witness. This was not an unreasonable conclusion considering neither she nor Bledsoe informed anyone of their supposed motel tryst until two weeks before trial. Likewise, the jury did not believe or found unimportant the witnesses who testified as to Bledsoe's appearance in the summer of 2001. Neither of those courses was unreasonable as Mr. Clark, upon identifying Bledsoe for the very first time, noted that he had changed his appearance, specifically his hair. We find no fault with the jury's conclusion.

*Johnson and Bledsoe*, 872 So.2d at 69-79. The state court's determination of the weight of the

-10-

evidence presented is entitled to great deference. 28 U.S.C. § 2254(e)(1); *Callins v. Collins*, 998 F.2d 269, 276 (5th Cir. 1993). With that deference in mind, the court holds that the state court's ruling is a reasonable application of the law to the facts presented. As a matter of horn book law, it is the province of the jury to weigh the evidence and determine the facts in a criminal case. The jury did so and found the petitioner guilty. The state court's holding on this matter was reasonable in fact and in law. Therefore, the petitioner's claim in Ground Three must be dismissed. *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

### Grounds Five (b) and (c): Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a petitioner for a writ of *habeas corpus* must satisfy the two elements: (1) constitutionally deficient performance by counsel and (2) actual prejudice as a result of the deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984), *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). Failure to establish either element of the *Strickland* test requires dismissal of the *habeas corpus* claim. *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998). Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. A federal court must consider the actions of counsel based upon his knowledge of the case at the time in question, not with the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988).

The petitioner argues in Ground Five (b) that counsel "failed to obtain clarification of forensic analysis regarding material evidence gathered from the scene of crime to support credibility of defense." The petitioner argues that defense counsel was deficient because he did

not seek further forensic analysis of fingerprint evidence.  However, no fingerprints were recovered from the scene of the crime.  Deputy Winters attempted to collect fingerprints from the telephone, the counter, and the door facing at the crime scene but was unable to lift any fingerprints from those surfaces.  S.C.R. at 220, 248, 256.  Winters did not send prints to the crime lab because he had no prints to send.  *Id*. at 260.  The court cannot hold an attorney's performance deficient for failure to seek forensic analysis of nonexistent evidence.  In the absence of deficient performance, there can be no finding of prejudice.  As such, this claim of ineffective assistance of counsel must be dismissed.

In Ground Five (c) the petitioner argues that counsel was ineffective in failing present the Clarks with another array of photographs to identify Bledsoe and his accomplices from the second array.  The decision of whether to present the Clarks with a second photographic lineup was a strategic one.  Mr. Clark was certain of his identification of the petitioner and his accomplices at the first photographic lineup.  As such, defense counsel's decision not to present Mr. Clark a second opportunity for photographic identification was sound trial strategy.  A second unequivocal identification of the petitioner and his accomplices would have been devastating to the defense strategy of challenging the first lineup as unduly suggestive.  Therefore, the court holds that counsel's decision to forego a second photographic lineup does not constitute deficient representation.  Again, in the absence of deficient performance, there can be no finding of prejudice.  Therefore, the petitioner's claim of ineffective assistance of counsel set forth in Ground 5 (c) must be dismissed.

In sum, for the reasons set forth above, all of the petitioner's grounds for relief shall be dismissed. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 23rd day of April, 2007.

/s/ Glen H. Davidson
CHIEF JUDGE